OPINION OF THE COURT
Phillip R. Rumsey, J.
This litigation involves a dispute between two factions of family members over real property devised under the last will and testament of Charles C. Morrow.
Charles C. Morrow had four children, namely: Charles J. Morrow, Ruth Bush, Mabel LaPoint and Bernice Griswold. His daughter Mabel LaPoint had five children: the plaintiffs Ardis Demund, Pauline Higgins, Marilyn Seeley, Helen Withers and the defendant Arthur LaPoint.
In his will Charles C. Morrow devised to his daughter Ruth Bush a life use of 20 acres of land in the Town of Ulysses, County of Tompkins, New York, and 26 acres of land in the Town of Hector, Schuyler County, New York (property). At her death he devised the property to "the children of said Ruth Bush, if she die leaving children or children of any deceased children, and if she die leaving no children or grandchildren, then and in that event, I do hereby give, devise and bequeath said 20 acres and 26 acres of land unto the children of my daughter, Mabel LaPoint, share and share alike” (affidavit of Ardis Demund).
Charles C. Morrow died on February 23, 1938; his will was admitted to probate on March 18, 1938. His daughter Ruth Bush is now 86 years old and has no biological children. She resided on the property until about 1985 when she moved out. The property apparently is and has been in the possession of Arthur LaPoint who claims he has made substantial improvements to the property and paid the property taxes since 1988.
*1022 In 1990 Ruth Bush adopted her then 61-year-old nephew Arthur LaPoint. On July 6, 1993 by quitclaim deeds, Ruth M. Bush conveyed her life interest in the Town of Hector acreage and the Ulysses acreage to Arthur LaPoint. Less than three months later by warranty deed dated October 4, 1993, Arthur LaPoint transferred a fee interest in the Town of Hector acreage to his son and daughter-in-law Bradley and Diann LaPoint.
The plaintiffs in their complaint allege that the adoption of Arthur LaPoint by Ruth Bush was intended to provide Ruth Bush with a "child” so as to divest the children of Mabel LaPoint of their future interest in the subject property. Additionally, they claim that Arthur LaPoint purported to convey (to his son and daughter-in-law) a greater interest in the Town of Hector acreage than he possessed; such a conveyance creates an impediment to the future interests of the plaintiffs which they seek to remove.
The plaintiffs now move for summary judgment declaring that the plaintiffs are entitled to take possession of the subject property in fee simple upon the death of Ruth M. Bush; and directing that the warranty deed from Arthur LaPoint to Bradley LaPoint and Diann LaPoint be cancelled and the Tompkins County Clerk strike it from the book of deeds.
The parties have framed two questions of law: (1) whether a part of former section 114 of the Domestic Relations Law applies in this case to prevent Arthur LaPoint from inheriting through his adoptive mother, and (2) whether this action is premature.
The prior section of the Domestic Relations Law in part provided: "The foster parent or parents and the person adopted sustain toward each other the legal relation of parent and child, and have all the rights and are subject to all the duties of that relation, including the right of inheritance from each other * * * but as respects the passing and limitation over of real or personal property dependent under the provisions of any instrument on the foster parent dying without heirs, the person adopted is not deemed the child of the foster parent so as to defeat the rights of remaindermen” (emphasis added). (Domestic Relations Law former § 114.)
The italicized portion of section 114, known as the "precautionary addendum”, was repealed by Laws of 1963 (ch 406, eff Mar. 1, 1964). However, the law specifically provided that "the provisions of this section in force prior to the time this act takes effect shall apply to the wills of persons dying prior to the time this section takes effect * * * with the same force and *1023 effect as if they were not hereby amended.” (Domestic Relations § 117 [former (2)].) This qualification was continued in Domestic Relations Law § 117 (3) which states "The provisions of law affected by the provisions of this section in force prior to March first, nineteen hundred sixty-four shall apply to the estates or wills of persons dying prior thereto.”
Since Charles C. Morrow died prior to March 1, 1964 the precautionary addendum must be considered. In Matter of Gardiner (69 NY2d 66, 73), the Court reviewed the State’s strong policy that adopted children stand equal with biological children within their adoptive families and indicated the narrow application of the precautionary addendum by the courts. It noted that the precautionary addendum has been applied only where the act of adoption cuts off a remainder interest that would have followed but for the adoption. The Court in applying that criterion held that, in light of the additional contingency of a power of appointment, the adoption did not itself operate to defeat the interest of the remaindermen; hence, the precautionary addendum did not preclude the inheritance by the adoptee.[1]
In this case the adoption alone, by 86-year-old Ruth Bush of her adult nephew Arthur LaPoint, would cut off and foreclose the remainder interests of his sisters. In line with the holding in Matter of Gardiner (supra), and assuredly in line with the intent of the precautionary addendum (to prevent the perpetration of fraud on the rights of the remaindermen through the device of adoption [see, Matter of Upjohn, 304 NY 366, 378]), the court rules that Arthur LaPoint is precluded by the precautionary addendum from inheriting the subject properties as the child of Ruth Bush under the last will and testament of Charles C. Morrow.
The sole interest in the property possessed by Arthur LaPoint at this time (aside from any remainder interest) is the life interest conveyed to him by Ruth Bush. He can convey *1024 that interest, as measured by the life of Ruth Bush, but no greater estate. The conveyance by Arthur LaPoint of a fee interest in the Town of Hector acreage was beyond the interest he possessed and adverse to the interest of the plaintiff remaindermen. The plaintiffs are entitled to have the warranty deed from Arthur D. LaPoint to Bradley G. LaPoint and Diann F. LaPoint (Liber 292 of Deeds, at 532) cancelled.
The conveyance by Ruth Bush of her life estate in the property negates the argument that she is a necessary party to this action.
The defendants claim that it would be premature for the court to declare, as requested, that the plaintiffs are entitled to take possession of the property upon the death of Ruth Bush since she is living and, they argue, she is a "fertile octogenarian”[2] who could still, albeit improbably, bear children. Additionally, plaintiffs could die without children before Ruth Bush dies defeating the plaintiffs’ rights as remaindermen and leaving Arthur LaPoint to inherit.
In response, the plaintiffs argue that the "fertile octogenarian” presumption has been abrogated by EPTL 9-1.3 (e) (l),[3] which sets out the rules of construction to be applied in determining whether a disposition violates the rule against perpetuities (EPTL 9-1.1). In this instance, the court is not called upon to decide the validity of the disposition under the rule against perpetuities and thus, EPTL 9-1.3 (e) (1) does not apply.
The defendants’ assessment that the plaintiffs’ rights are not vested is not accurate. The gift to the children of Mabel LaPoint should Ruth Bush die without issue created a contingent remainder which is vested subject to being divested in the event of the life tenant’s death leaving issue.
The defendants have not raised a material issue of fact which would defeat summary judgment; at most they have focused on the question of identifying the remaindermen. The declaration *1025 sought does not preclude nor interfere with that determination upon the death of Ruth Bush. The judgment sought declares little more than what the testator willed.
The questions of law have been resolved in favor of the plaintiffs. Hence, the plaintiffs are entitled to a judgment declaring that the plaintiffs (or the children of a deceased plaintiff taking the parent’s share) are entitled to take possession of the subject property in fee simple share and share alike at the time of Ruth M. Bush’s death without issue.
The plaintiffs are also entitled to a judgment pursuant to RPAPL 1521 (1) that the claim (except for the life estate) of Arthur LaPoint to the subject property and anyone claiming under him is invalid. Arthur LaPoint is not a remainderman as a natural child of Mabel LaPoint. The order of adoption terminated Arthur LaPoint’s right to inherit from his natural parent (Domestic Relations Law § 117 [1] [a]).
It is a harsh result to be precluded from taking an interest in the property both as an adopted child and as a natural child, particularly where the apparent intent of the testator was that the children of Ruth Bush or the children of Mabel LaPoint share and share alike an interest in the property. In spite of this, Arthur LaPoint, now an adopted child of one and the natural child of the other, is foreclosed from his remainder interest in the property by operation of law. The severe consequence is tempered by the fact that Arthur LaPoint’s own actions contributed to the outcome. In an apparent attempt to obtain the whole property to the exclusion of his siblings, he (unwittingly) foreclosed his own interest.
In the absence of any counterclaim in this action, the court does not rule on the alleged improvements made to the property by Arthur LaPoint.
The plaintiffs’ motion for summary judgment is granted.

. Judge Meyer, in a forceful dissent, departed from the majority opinion because, he states: "The majority construes the precautionary addendum in a manner inconsistent with its legislative history, its wording and the prior decisions of this court and so strictly as to read it out of Domestic Relations Law § 117 notwithstanding that as to the wills of persons who died prior to March 1, 1964 the Legislature has expressly directed otherwise.” (Matter of Gardiner, supra, at 76.) Judge Meyer did not agree that the cases supported the holding that the mere presence of a power of appointment is enough to make the addendum inapplicable or that courts have applied it narrowly. The dissent, with its exhaustive analysis and in-depth differentiation of the cases cited by the majority, also lends support to the conclusions herein.

. At common law there was a conclusive presumption of fertility regardless of age (see, Turano, Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, EPTL 9-1.3, at 544; 56 NY Jur 2d, Estates, Powers, and Restraints on Alienation, § 448).

. EPTL 9-1.3 (e) (1) lays out rules of construction that are to apply "with respect to any matter affecting the rule against perpetuities.” (EPTL 9-1.3 [a].) In subparagraph (4), it specifically states that "[t]he provisions of subparagraphs (1), (2) and (3) shall not apply for any purpose other than that of determining the validity of a disposition under the rule against perpetuities where such validity depends on the ability of a person to have a child at some future time.”